UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rajdeep SINGH,<br><br>                          Petitioner,<br><br>v.<br><br>Christopher LaROSE, et al.,<br><br>                         Respondents. | Case No.: 25-cv-3732-AGS-BLM<br><br>**ORDER REQUIRING RESPONSE** |

Petitioner Rajdeep Singh seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention. At this stage, he need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id*., Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

In November 2024, Singh, "an Indian man," entered the United States without inspection. (ECF 1, at 4–5.) He was released on "humanitarian parole" the next month, but Immigrations and Customs Enforcement officers re-detained him on "May 22, 2025." (*Id.* at 2.) Singh is challenging the government's "decision[] to detain him under 8 U.S.C. § 1225(b)(2)," which applies to applicants for admission and requires mandatory detention. (*Id.*) He asserts that his case is instead governed by "8 U.S.C. § 1226(a)"—which authorizes release on bond or conditional parole—because he crossed into the United States six months before his re-detention and thus is not an "applicant for admission." (*Id.*) This statutory misclassification, he argues, renders his detention unlawful and in violation of the "Due Process Clause." (*Id.* at 3.)

1

This challenge has sufficient potential merit to warrant a response. Functionally identical cases across the country have been found to have a "likelihood of success on the merits" or have resulted in the writ being issued. *See, e.g.*, *Barco Mercado v. Francis*, ___ F. Supp. 3d. ___, No. 25-cv-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (noting that, in "350" of the "362" opinions to address this issue, the petitioners "prevailed, either on a preliminary or final basis," and these cases were "decided by over 160 different judges sitting in about fifty different courts"); *Mosqueda v. Noem*, No. 5:25-cv-02304 CAS (BFM), 2025 WL 2591530, at *5 (C.D. Cal. Sept. 8, 2025) ("[P]etitioners are likely to succeed on the merits of their claims because section 1226(a), not section 1225(b)(2), likely governs their detention."); *Vazquez v. Feeley*, No. 2:25-cv-01542-RFB-EJY, 2025 WL 2676082, at *11 (D. Nev. Sept. 17, 2025) (same); *Rodriguez v. Bostock*, No. 3:25-cv-05240-TMC, 2025 WL 2782499, at *1 (W.D. Wash. Sept. 30, 2025) ("[T]he government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice.").

By **December 31, 2025**, respondent must answer the petition. Any reply by petitioner must be filed by **January 6, 2026**. The Court will hold oral arguments on the petition on **January 14, 2026**, at **4:00 p.m.**

Dated: December 24, 2025

_____
Hon. Andrew G. Schopler
United States District Judge